IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINA DIBRILL, a disabled person, by her Mother / Guardian ANNGINETTE WHEELER<br><br>Plaintiff's<br><br>V.<br><br>NORMANDY NURSING CENTER,<br><br>And<br><br>KERRY KAUFMANN, individually and official capacity as Owner /Administrator, Normandy Nursing Center.<br><br>And<br><br>CLARA MAYES, individually and in her official capacity as Director of Nursing for Normandy Nursing Center<br><br>And<br><br>SANTONIO McCOY, individually and in the Official capacity as employee for Normandy Nursing Ctr.<br><br>Defendant(s) | Case No.: 4:09 – CV<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiffs Trina Dibrell, (a disabled person) by and through her biological mother/guardian Anginnette Wheeler, and through their undersigned counsel, and for Plaintiff(s) Complaint against the Defendants, states as follows:

1

## COMMON ALLEGATIONS TO ALL COUNTS

1. Plaintiff, Trina Dibrill, (a disabled person) is a citizen of the United States, was at all times relevant herein a resident of the Normandy Nursing Center (NORMANDY)(since 1995). Ms Annginette Wheeler is the biological/natural mother and guardian of Trina Dibrill. Trina Dibrell is, and at all times relevant herein was a resident of the herein Normandy Nursing Center, located in the County of St Louis, Missouri, in the Eastern Division of the Eastern District of Missouri.

2. Defendant, Normandy Nursing Center is a State regulated Nursing Facility licensed to do business in the State of Missouri. At all times relevant to this action, Defendant was an employer, joint employer, or prospective employer as defined in 42 U.S.C. Section 2000e and it's place of business is 7301 St. Charles Rock Road, St. Louis, Missouri 63133.

3. Plaintiff Trina Dibrill, on December 21, 2008, was removed from her room at the Nursing facility by Santonio McCoy, an employee for Normandy Nursing Center. Plaintiff was sexually assaulted by Defendant McCoy. The conduct was conscious shocking.

4. Another (Normandy) employee, on December 21, 2008, in the morning hours heard strange noises, of a person in pain. Upon his investigation of the noises discovered and observed that Plaintiff was naked and being sexually penetrated by Defendant McCoy, who was partially naked with his pants down to his ankles.

5. Plaintiff was transported to St. Alexius Brother's Hospital Emergency Room for medical treatment, where it was discovered and determined that Plaintiff sustained injury to her mouth, severe sexual trauma in and around her vaginal region.

2

6. Defendant, McCoy was escorted off the Nursing Home premises by another employee. This conduct was conscious shocking.

7. Days, after the incident, Defendant McCoy was arrested and charged by the Normandy Police Department with the sexual assault perpetrated against Plaintiff Police Report # 08-1559, Cause # 09SL-CR00093.

## JURISDICTION

8. COUNT I, of this Complaint is authorized and instituted pursuant to 42 U.S.C. Section 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution. Substantive Due Process., 28 U.S.C. sec. 1331 et sec, and 28 U.S.C. sec. 2201 and 2202.

9. COUNT II, of this Complaint is authorized and instituted pursuant 42 U.S.C. Section 1983, the Fourteenth Amendment to the U.S. Constitution.

10. COUNT III, (Assault and Battery), COUNT IV, (Kidnapping), COUNT V, (Negligent Hiring and Retention), COUNT VI, (Negligent Supervision) and COUNT VII (False Imprisonment) are authorized under this Court's pendent jurisdiction.

## ALLEGATIONS OF FACT

11. Examples of specific instances and practices that injured plaintiff and her protections under law include, but are not limited to the following:

In December 2008, Trina Dibrell was physically abused and sexually assaulted by employees of Normandy who were, as such, acting under color of state law, as follows:

(a) On or about December 21, 2008, defendant Santonio McCoy, a domestic and custodial worker, forcibly and unlawfully removed Plaintiff from her bed, unlawfully removed her from her room, via a wheel chair, wheeled her to a secluded area of a

3

stairwell, a distance away from her room. While there, defendant then forcibly positioned plaintiff thereby physically abusing plaintiff, then defendant forcibly and brutally violated plaintiff's body by rape and other sexual contact.

(b) On the day of this incident, another employee for Normandy heard some strange noises in the stairwell and upon investigating same discovered Defendant Santonio McCoy in an inappropriate physical act with Plaintiff.

(c) On the day of the incident, another employee for Normandy, having knowledge of the criminal act perpetrated against Plaintiff by Defendant (McCoy) did not call police or seek to detain defendant (McCoy) then escorted (McCoy) off the Normandy premises, thereby allowing him to escape apprehension, though having committed a known felonious and criminal act against a resident.

(d) At the times of the occurrences alleged, defendant(s) Kerry Kaufmann, the Owner and Administrator for Normandy and Clara Mayes, the Director of Nursing for Normandy, were both decision makers in charge of supervising the residents and employees of the Center, and creating and implementing policies and procedures to protect the residents from harm, and as such, acted under color of state law.

(e) Defendant(s) acted with deliberate indifference to Trina Dibrell's Fourteenth Amendment substantive due process right to be free of physical and emotional abuse in:

(1) Placing Trina Dibrill in the custody of and or access to workers who they knew or should have known were not adequately trained or supervised, and who were understaffed; and whose backgrounds had not been adequately investigated; and

(2) Failing to implement adequate measures to protect against physical abuse, violent conduct and sexual assault.

(3) Failing to investigate adequately, complaints of and or suspected abusive conduct perpetrated against residents. Failed in the use of a reasonable standard of care to oversee resident's requiring more detailed and or special need care and attention, regarding employee's interactions with said special needs and detailed care.

(4) Engaging in substantial departures from accepted professional judgment, practice, or standards thereby creating situations that make resident's more vulnerable to the risk of violence and abuse.

(5) Failing to enforce certain policies of care and failing to discipline employees who violated policies of their employment / regulations. These policies and or practices and or customs were and are the moving force behind the constitutional deprivations perpetrated and the additional damages and injuries sustained by plaintiff.

## COUNT I

### FAILURE TO PROTECT, USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

### COGNIZABLE UNDER 42 U.S.C. Section 1983
(All Defendants)

12. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 11 of this Complaint as though fully set forth herein.

13. Defendant McCoy, Kaufmann and Mayes, acting alone or acting together and in concert with one another battered and brutally assaulted and seized plaintiff. In addition, neither Defendant prevented the acts and conduct of the other although each was in a position to and having said authority / duty to do so.

14. As a direct and proximate result of the afore described unlawful and intentional physical abuse of Plaintiff by Defendants all committed under color of law and under their respective authority constituted deliberate indifference to Plaintiff's safety and protections of law, Plaintiff suffered bodily injury and was deprived of her right to be free from unreasonable seizure of her person- including the right to be free from the use of excessive force- INCLUDING ALSO THE RIGHT TO FREE FROM BODILY INTRUSION, TO BE FREE FROM THE INFLICTION OF UNNECESSARY PAIN AND THE RIGHT TO PHYSICAL SAFETY, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

15. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as afore described, Plaintiff suffered injuries and damages. Plaintiff suffered pain and serious physical injury. The battery and sexual assualt of Plaintiff at the hands of Nursing Center employee's caused Plaintiff to be fearful for her life and the injuries to her body and the great fear for her safety have caused plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation. Plaintiff continues to suffer substantial emotional distress.

16. The acts of defendants and each of them as afore described were intentional, conscious shocking, wanton, malicious, brutal, reckless and callously indifferent to the rights to Plaintiff, thus entitling Plaintiff to an award of punitive damages.

17. If Plaintiff prevails, she is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### UNLAWFUL SEIZURE
### COGNIZABLE UNDER 42 U.S.C. Section 1983

(All Defendants)

18. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 – 17 of this Complaint as though fully set forth herein.

19. The Defendants, acting alone or together and in concert, without any lawful authority seized Plaintiff and utilized unreasonable and excessive force against Plaintiff.

20. Alternatively, each Defendant failed to prevent the constitutional violations committed by the other.

21. The seizure and assault were in violation of the Plaintiff's right to be secure in her person against unreasonable seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. Section 1983.

22. As a direct and proximate result of the seizure of Plaintiff as afore described, Plaintiff has suffered serious physical injury and continues to suffer severe mental anguish and emotional distress.

23. The acts of Defendants and each of them as afore described were intentional, wanton, malicious, conscious shocking, reckless and callously indifferent to the rights of

7

Plaintiff, thus entitling Plaintiff to an award of punitive damages against the Defendants.

24. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

## ASSAULT AND BATTERY
## COGNIZABLE UNDER STATE LAW

(All Defendants)

25. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 24 of this Complaint as though fully set forth herein.

26. Defendants assaulted / battered Plaintiff as aforementioned, and Defendants accomplished this by use of force that was not supported by any lawful position and or the Defendant's failures to act.

27. The acts of defendants as afore described were committed with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional battery against Plaintiff.

28. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants as afore described is conscious shocking, Plaintiff suffered physical injuries.

8

29. Defendant's were in a position to intervene and prevent said acts against plaintiff and failed to and or refused to do so, though a clear duty existed.

30. The conduct of defendants and or the failure to act, as afore described was outrageous, conscious shocking, constituting reckless indifference to the rights and well-being of Plaintiff and therefore Plaintiff is entitled to an award of punitive damages against defendants.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## KIDNAPPING

## COGNIZABLE UNDER STATE LAW

(All Defendants)

31. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 30 of this Complaint as though fully set forth herein.

32. Defendant unlawfully removed Plaintiff from where she was found.

33. Plaintiff never gave consent to nor was she in a position to consent to said removal.

34. Defendant engaged such physical removal of Plaintiff to facilitate a brutal sexual assault upon Plaintiff.

35. Defendant inflicted serious physical injury upon plaintiff.

9

36. Defendant's actions were intentional, wanton, brutal and conscious shocking.

37. **WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### NEGLIGENT HIRING AND NEGLIGENT RETENTION CONGNIZABLE UNDER STATE LAW

(All Defendants)

38. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 37 of this Complaint as though fully set forth herein.

39. Defendants knew or should have known of Defendant McCoy's dangerous proclivities and extensive previous violent criminal background.

40. Defendant McCoy was hired and his employment was retained.

41. Employer's negligent act or omission was the proximate cause of the brutal and conscious shocking injury sustained by plaintiff at the hands of Defendant employee McCoy.

42. **WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

### NEGLIGENT SUPERVISION

**Cognizable under State Law**
(All Defendants)

43. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 42 of this Complaint as though fully set forth herein.

44. Defendants knew or should have known of Defendant McCoy's dangerous proclivities and extensive previous violent criminal background.

45. Defendant McCoy was hired and his employment was retained.

46. Employer's negligent act or omission was the proximate cause of the brutal and conscious shocking injury sustained by plaintiff at the hands of Defendant employee McCoy.

47. Defendant owed to Plaintiff a duty to supervise it's employee's, to use ordinary care to protect plaintiff against unreasonable risks to harm.

48. Defendant breached said duty owed to plaintiff.

49. Defendant's breach of said duty to plaintiff was the proximate cause of plaintiff's brutal injury.

50. Plaintiff suffered serious physical injury and other damages as a result of Defendants acts and omissions.

51. **WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VII

## FALSE IMPRISONMENT

Cognizable under State Law

All Defendants

52. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 51 of this Complaint as though fully set forth herein.

53. Defendant, McCoy by forcible means detained and or retrained plaintiff against her will.

54. Defendant's detention and restraint of Plaintiff was unlawful.

55. Plaintiff sustained serious physical injury and a sexual assault while being restrained by Defendant.

56. The conduct of Defendant shocks the conscious.

57. **WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

Law Office's Of James C. Robinson LLC

_____

James Robinson, Esq. Fed **# 63594**
P.O. Box # 372051
St. Louis, MO 63137
(314) 653-1421 FAX
(314) 533-4357(x # 1)  Ofc.

Attorney for Plaintiff's
Trina Dibrill, (a disabled person) and her Natural Mother / Guardian Anginette Wheeler