UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRINA DIBRILL, a disabled person, by and through her Mother/Guardian, next friend, Annginette Wheeler | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09CV764-DJS |
| NORMANDY NURSING CENTER, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court are: defendants Normandy Associates, Inc., d/b/a Normandy Nursing Center, Kerry Kaufmann, and Clara Mayes' motion to dismiss plaintiff Trina Dibrill's first amended complaint [Doc. #26]; defendants Normandy, Kaufmann, and Mayes' motion to stay discovery [Doc. #30]; plaintiff's motion for leave to amend the first amended complaint [Doc. #32]; plaintiff's motion for default judgment as to defendant Santonio McCoy [Doc. #36]; defendants Normandy, Kaufmann, and Mayes' motion to stay disposi-tion of plaintiff's motion for default judgment as to defendant

McCoy [Doc. #37]; and plaintiff's motion to compel discovery [Doc. #43].[1]  These matters are ripe for disposition.[2]

## I. MOTION TO AMEND

Pursuant to the Federal Rules of Civil Procedure, leave to amend a complaint "should be freely given when justice so requires."  Fed.R.Civ.P 15(a)(2).  However, there is no absolute right to amend a pleading, and a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend."  Doe v. Cassel, 403 F.3d 986, 990-91 (8th Cir. 2005) (quotation omitted).

The Court has reviewed the proposed second amended complaint, and finds that leave to amend should be granted. However, the Court is persuaded that whatever defects defendants contend exist in the first amended complaint potentially exist in the proposed second amended complaint.  Instead of denying the pending motion to dismiss without prejudice and order that the motion be reasserted and rebriefed (as is customarily the Court's

-----

[1]Also pending before the Court are Midwest Provider Insurance Company's motion to intervene [Doc. #39], and Midwest's motion to stay proceedings pending disposition of its action seeking declaratory judgment [Doc. #41].  The Court will enter a separate order disposing of these motions.

[2]Plaintiff's motion to compel discovery [Doc. #43] was filed on January 20, 2010, and defendants' response time has not yet expired. However, in light of the findings below, the Court has determined that such a response unnecessary.

practice), the Court will herein further consider the arguments set forth by defendants in their motion to dismiss with regard to plaintiff's second amended complaint.[3]

## II. MOTION TO DISMISS

### Standard of Review

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff.[4] Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. "A motion to dismiss should be granted if it appears beyond doubt that the plaintiff can prove no set of facts

---

[3]A fully briefed motion to dismiss has already been denied without prejudice to allow for the filing of the amended complaint. Defendants reasserted their motion to dismiss, making substantially the same argument. The Court anticipates that the same motion and the same argument would be made with regard to the second amended complaint.

[4]In their motion to dismiss, defendants seek dismissal for lack of subject matter jurisdiction. Doc. #26, p. 5. However, the basis of defendants' argument is that plaintiff fails to allege sufficient facts to support a necessary element of her 42 U.S.C. § 1983 claims, that is, plaintiff fails to allege sufficiency that defendants are state actors. Doc. #26, pp. 4-5. "[T]he failure to present an adequate § 1983 claim does not strip the court of jurisdiction unless the claim is clearly immaterial, frivolous, and wholly insubstantial.... If the [plaintiff's] complaint stated a claim on its face, it alleged a valid § 1983 action and successfully invoked the district court's jurisdiction." McKenzie v. City of White Hall, 112 F.3d 313, 316 (8th Cir. 1997) (quotation omitted). Since claims of excessive force and unlawful seizure are colorable under 42 U.S.C. § 1983, the Court will construe defendants' motion as a motion to dismiss for failure to state a claim.

which would entitle h[er] to relief." <u>Students for Sensible Drug Policy Found. v. Spellings</u>, 523 F.3d 896, 899 (8th Cir. 2008) (quotation omitted).

## Facts

The following facts are those pled in plaintiff's second amended complaint, and are accepted as true for purposes of defendants' motion to dismiss. Plaintiff, a Medicaid beneficiary, suffers from severe mental retardation and cerebral palsy, which render her mentally and physically disabled. As a result of her disabilities, she is unable to care for her own health and safety, and is a resident at defendant Normandy's nursing center.

Defendant Normandy is a nursing home facility licensed by the State of Missouri and certified by Medicare and Medicaid.[5] Defendant Normandy has contracts with various state and federal agencies, and, at times relevant to the instant action, provided medical, psychological, and rehabilitative treatment to plaintiff consistent with these contracts. Defendant Normandy is subject to state and federal regulations, and such state and federal regulations dictate who may or may not be employed in nursing home facilities. Further, defendant Normandy was guided by state and federal authorities in providing for plaintiff's nursing, medical, mental, dietary, safety, and social needs. Plaintiff also alleges

---

[5]There is no allegation that defendant Normandy is a public entity owned by the State. Further, plaintiff specifically alleges that defendant Kaufmann, an individual, is the owner of defendant Normandy. <u>See</u> Doc. #33-2, §23(c).

that the "State bore an affirmative obligation to provide adequate medical care...the State delegated these functions to Defendants; and Defendants voluntarily assumed these obligations by contract." Doc. #33-2, §14.

On the morning of December 21, 2008, plaintiff was removed from her room and was sexually assaulted by defendant McCoy, an employee of defendant Normandy. While she was being assaulted, another employee discovered what was happening. Plaintiff was transported to the emergency room, where it was discovered that plaintiff sustained injury to her mouth and vaginal region. The police were not immediately contacted, and defendant McCoy was escorted off of defendant Normandy's property by another employee.

At the time of this assault, defendant Kaufmann was the owner and administrator of defendant Normandy, and defendant Mayes was the director of nursing at defendant Normandy. Plaintiff alleges that defendants Kaufmann and Mayes were both decision makers in charge of supervising the residents and employees of the nursing center.

Plaintiff brings eight claims in her second amended complaint. Counts I, II, and VII, claims of excessive force, unlawful seizure, and respondeat superior, respectively, are asserted pursuant to 42 U.S.C. § 1983. Counts III, IV, V, VI, and VIII, claims of assault and battery, negligent hiring/retention, negligent supervision, false imprisonment, and intentional

infliction of emotional distress, respectively, are asserted pursuant to state law.

## Discussion

Defendants state that the only three claims brought pursuant to federal law, Counts I, II, and VII, are brought under 42 U.S.C. § 1983. Defendants argue that defendant Normandy is a private nursing home, and that none of the defendants were clothed in the authority of state law with respect to the allegations in this case. Defendants assert that plaintiff cannot establish that they were state actors or that their actions were under the color of state law, and ask that the 42 U.S.C. § 1983 claims be dismissed. Plaintiff opposes defendants' motion, and maintains that state action may properly be found where the state exercises coercive power over, is entwined in the management and control of, or provides significant encouragement, either overt or covert, to a private actor, or where the private actor operates as a willing participant in joint activity with the state, is controlled by an agency of the state, has been delegated a public function by the state, or is entwined with government policies. Plaintiff argues that she has adequately alleged that a special relationship existed between defendants and the state and that, because of this relationship, defendants had a duty under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

In order to prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show that a person acting under the color of state law caused the deprivation of a federal right. Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005) (citing Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1426 (8th Cir. 1986)). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." Neighborhood Enters., Inc. v. City of St. Louis, 540 F.3d 882, 885 (8th Cir. 2008) (quotations omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Americans United for Separation of Church & State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 421 (8th Cir. 2007) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)); see also Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004) (finding that 42 U.S.C. § 1983 secures most constitutional rights "from infringement by governments, not private parties").

Nevertheless, under certain circumstances, a private party may be held liable for a claim brought pursuant to 42 U.S.C. § 1983:

> The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where the

7

> state has delegated to a private party a power
> traditionally exclusively reserved to the State,
> where a private actor is a willful participant in
> joint activity with the State or its agents, and
> where there is pervasive entwinement between the
> private entity and the state.... The one unyield-
> ing requirement is that there be a "close nexus"
> not merely between the state and the private
> party, but between the state and the alleged
> deprivation itself.

Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (internal quotations omitted); see also Crumbley-Patterson, 388 F.3d at 590 (holding that a private party may be considered a state actor if that party is a "willful participant in joint action with State or its agents" (quoting Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)).

Specific to the allegations of the instant case, the Eighth Circuit Court of Appeals has held that the degree of control a nursing home has over an individual's life does not subject the actions of that nursing home to constitutional scrutiny. Hoyt v. St. Mary's Rehab. Ctr., 711 F.2d 864 (8th Cir. 1983). In Hoyt, the court declined to find that "every decision of a private individual with a sufficient degree of power in fact over another's life" is "reviewable by the courts...under constitutional standards." Id. at 866.

> The whole history of Fourteenth Amendment juris-
> prudence counsels that there is and must be a
> large area of private action not subject to
> constitutional challenge. Much of that private
> action, and nursing homes are surely one of the
> best examples, is thoroughly regulated by one
> government or another, so the public is hardly
> left without legal protection. For much the same

> reason, we reject [plaintiff's] argument that the
> guardians' acquiescence in [defendants'] deci-
> sions about [a patient's] care amounted to state
> action.

Id. Furthermore, the United States Supreme Court has stated that

it is not true that "nursing homes perform a function that has been

traditionally the exclusive prerogative of the State." Blum v.

Yaretsky, 457 U.S. 991, 1011 (1982) (quotation omitted).

> Even if [plaintiffs'] characterization of the
> State's duties [to provide every Medicaid patient
> with nursing home services] were correct, how-
> ever, it would not follow that decisions made in
> the day-to-day administration of a nursing home
> are the kind of decisions traditionally and
> exclusively made by the sovereign for and on
> behalf of the public.

Id. at 1011-12. Therefore, the administration of a private nursing

home stands in contrast to, for example, a private company charged

with providing for the custody and supervision of prisoners,

because providing for the custody and supervision of prisoners is

traditionally an exclusive prerogative of the State. See Americans

United for Separation of Church & State, 509 F.3d at 423.

A case from the Fifth Circuit, Daigle v. Opelousas Health

Care, Inc., 774 F.2d 1344 (5th Cir. 1985), is instructive. In

Daigle, the plaintiffs alleged that their grandmother died after

she was beaten by an employee of the defendant nursing home while

residing in the nursing home, and brought a 42 U.S.C. § 1983 action

against the defendant nursing home operator and employees.

Plaintiffs argued that, as a health care provider, the defendant

nursing home was licensed and extensively regulated by the state

and that it received ninety percent of its revenues from the state through Medicare and Medicaid reimbursements. Plaintiffs further argued that the defendant's woefully contrived procedure concerning notification of a physician and next of kin in the event of an emergency led to a complete breakdown in the care of the deceased following the beating she sustained. Plaintiffs argued that this and other delinquent procedures were nonetheless certified by the State of Louisiana, and were therefore deficient with the knowledge of the State. The Fifth Circuit Court of Appeals rejected the plaintiffs' argument that state funding and the state's negligent supervision of defendant made the acts of the defendant nursing home's employees state action, and held that "[t]he existence of state regulation and the receipt of state funding...do not necessarily create state action." Id. at 1349. The court ultimately affirmed the dismissal of plaintiffs' complaint for failure to state a claim. Id. at 1349-50; see also, e.g., Schneller v. Prospect Park Nursing & Rehab., 2009 WL 1838337, at *6 (E.D. Pa. June 25, 2009) ("The fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors."); Woods v. Lake Drive Nursing Home, Inc., 503 F. Supp. 183, 187 (D.Md. 1980) ("The defendants in this action are private individuals and a private corporation engaged in the delivery of health care services to aged and infirm persons. The nursing home receives significant governmental funding and has

submitted itself to extensive governmental regulation. However...that is not sufficient to connect the State of Maryland with the defendants' action so as to make the latter's conduct attributable to the State for purposes of § 1983.").

Plaintiff states that she is not arguing that the fact of state and federal regulations creates state action, and further states that she is not arguing that the state funding received by the nursing facility constitutes state action. Rather, plaintiff generally insists that she has alleged that there is a special relationship, entwinement, and entanglement between defendants and the state. Doc. #28, p. 3. Plaintiff argues that, regardless of whether or not defendants were private actors, she has sufficiently alleged that such private actors were willful participants in joint activity with the state. Doc. #28, p. 6.

However, none of the bases alleged by plaintiff in her second amended complaint to support this special relationship, entwinement, or entanglement are, as a matter of law, sufficient to satisfy the state action requirement of her 42 U.S.C. § 1983 claims. Specifically, pursuant to the above cited case law, the Court finds the following: that plaintiff is a Medicaid beneficiary does not sufficiently implicate state involvement; that defendant Normandy receives state funding does not sufficiently implicate state involvement; that defendant Normandy is heavily regulated by the state does not sufficiently implicate state involvement; that plaintiff relied on defendant Normandy for the totality of her care

11

does not sufficiently implicate state involvement; and, although it is alleged that the State bore an affirmative obligation to provide adequate medical care to plaintiff and delegated this obligation to defendant Normandy, the serves provided by a nursing home are not those traditionally the exclusive prerogative of the State. Accordingly, even accepting all of the allegations set forth in the second amended complaint as true, the Court finds that plaintiff fails to establish that defendants Normandy, Kaufmann, and Mayes were state actors, a necessary element to maintain a claim under 42 U.S.C. § 1983.[6]  Therefore, plaintiff's 42 U.S.C. § 1983 claims asserted in her second amended complaint (Counts I, II, and VII) will be dismissed as to defendants Normandy, Kaufmann, and Mayes. Because the remaining claims are asserted pursuant to Missouri law, the Court will decline to exercise its pendant jurisdiction, and will dismiss such claims without prejudice.

Further, although defendant McCoy has not responded to the complaint or otherwise entered an appearance in this case, and therefore has not moved for dismissal, the Court has sua sponte reviewed the claims asserted against defendant McCoy.  The Court finds that, similar to defendants Normandy, Kaufmann, and Mayes, plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983, and

---

[6]This finding does not implicate whether or not the alleged violations of defendants would be actionable, that is, unconstitutional, if committed by state actors.  Rather, the Court's finding is that plaintiff can prove no set of facts that would establish that defendants were state actors, as required to maintain a claim pursuant to 42 U.S.C. § 1983.

will dismiss such claims.  As with defendants Normandy, Kaufmann, and Mayes, the Court will dismiss without prejudice all remaining state law claims asserted against defendant McCoy.

## III. REMAINING MOTIONS

Because the Court herein disposes of defendants' motion to dismiss in defendants' favor, defendants' motion to stay discovery will be denied as moot.  Further, because the action will be dismissed in its entirety, the Court will not enter default judgment against defendant McCoy, and will accordingly deny plaintiff's motion for default judgment.  Because the Court finds it proper to rule on plaintiff's motion for default judgment, defendants' motion to stay disposition of that motion will be denied as moot.  Finally, as the action will be dismissed, plaintiff's motion to compel will be denied as moot.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend file a second amended complaint [Doc. #32] is granted, and the clerk shall detach and separately file Doc. #33-2 as plaintiff's second amended complaint.

**IT IS FURTHER ORDERED** that defendants Normandy Associates, Inc., d/b/a Normandy Nursing Center, Kerry Kaufmann, and Clara Mayes' motion to dismiss [Doc. #26] is granted with respect to plaintiff's second amended complaint as follows.

**IT IS FURTHER ORDERED** that Counts I, II, and VII of plaintiff's second amended complaint are dismissed as to all defendants.

**IT IS FURTHER ORDERED** that all remaining claims are dismissed without prejudice as to all defendants.

**IT IS FURTHER ORDERED** that defendants Normandy, Kaufmann, and Mayes' motion to stay discovery [Doc. #30] is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment as to defendant Santonio McCoy [Doc. #36] is denied.

**IT IS FURTHER ORDERED** that defendants Normandy, Kaufmann, and Mayes' motion to stay disposition of plaintiff's motion for default judgment as to defendant McCoy [Doc. #37] is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery [Doc. #43] is denied as moot.

Dated this __26th__ day of January, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE